[Civ. No. 6613.   Third Dist.   Mar. 25, 1942.]

A. W. RAGLAN, Appellant, v. JOHNSTON ROCK COMPANY (a Corporation) et al., Defendants; ISAPHENE BEASLEY, Respondent.

Burke & Rawles for Appellant.

Taft & Spurr, Frank W. Taft and Henry C. Spurr for Respondent.

TUTTLE, J.—The appellant herein, A. W. Raglan, is the owner of a ranch in Mendocino County situated on Highway No. 28, which runs between towns of Cloverdale in Sonoma County and Boonville in Mendocino County. A portion of the boundary line of his land on the southwest is formed by Rancheria Creek, a stream whose course runs in a general southerly direction. The appellant acquired the ranch in the year 1924. The respondent, Isaphene Beasley, is the owner of a ranch situated to the southwest of the Raglan property and whose northeast boundary is also formed by Rancheria Creek.

In 1938 appellant herein entered into an agreement with the Johnston Rock Company, which company held a contract for the construction of certain highways within the State of California. The agreement was to permit the Johnston Rock Company to remove gravel from the bed of Rancheria Creek for which they agreed to pay to appellant an agreed price for each cubic yard of gravel so removed. Thereafter the Johnston Rock Company entered upon Rancheria Creek and removed the gravel, but due to the fact that the respondent herein presented her claim to the company for the value of the gravel

so removed, the Johnston Rock Company refused to pay either appellant or respondent. Thereafter the appellant herein filed this action against the Johnston Rock Company for the value of the gravel removed as provided by their agreement. The Johnston Rock Company thereafter deposited the value of the gravel removed as agreed upon by both appellant and respondent with the Superior Court of Mendocino County, and the respondent herein filed her answer and cross-complaint claiming the moneys so deposited. Findings were made in favor of respondent, to the effect that he was the owner of the land from which said gravel was removed, and judgment was entered that he recover that portion of the amount paid into court by said Johnston Rock Company which represented the value of the gravel taken from the lands found to be owned by respondent. A motion for new trial, based upon newly discovered evidence, was denied, and the appeal then taken from the judgment.

The sole question presented is the sufficiency of the evidence to support the findings. The issue was the boundary line between the properties of the parties. On January 31, 1894, W. T. Rock, Jennie Rock, and Lawrence Rawles, predecessors in interest of the appellant, A. W. Raglan, executed a deed to S. W. Knowles, predecessor in interest of the respondent, Isaphene Beasley, conveying all their interest in "all lands owned by the parties of the first part, or either of them, lying to the south and west of Rancheria Creek, in Section 32, Township 13 North, Range 13 West, M. D. M." On the same date, S. W. Knowles, the predecessor in interest of the respondent Isaphene Baesley, made his deed to W. T. Rock conveying to him, "all land owned by the party of the first part lying to the north and east of Rancheria Creek in Section 32, Township 13 North, Range 13 West, M. D. M." The parties to the above mentioned deeds were apparently attempting to make Rancheria Creek the boundary between their respective ranches. Rancheria Creek is a non-navigable stream. Section 2077 of the Code of Civil Procedure provides as follows:

"The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful and there are no other sufficient circumstances to determine it:

1. Where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false, does not frustrate the conveyance,

but it is to be construed by the first mentioned particulars.

2. When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles, or surfaces, the boundaries or monuments are paramount.

3. Between different measurements which are inconsistent with each other, that of angles is paramount to that of surfaces, and that of lines paramount to both.

4. When a road, or stream of water not navigable, is the boundary, the rights of the grantor to the middle of the road or the thread of the stream are included in the conveyance, except where the road or thread of the stream is held under another title.

5. When tide water is the boundary, the rights of the grantor to ordinary high-water mark are included in the conveyance. When a navigable lake, where there is no tide, is the boundary, the rights of the grantor to low-water mark are included in the conveyance.

6. When the description refers to a map, and that reference is inconsistent with other particulars, it controls them if it appears that the parties acted with reference to the map; otherwise the map is subordinate to other definite and ascertained particulars.''

Rancheria Creek was and is the dividing line between the properties of appellant and respondent. The bed of said creek, at the point involved in the controversy is of a width of approximately 600 feet, that is, from the southwest to the northeast bank. The volume of water in the stream varies with the season, there being but a small area covered with flowing water in the summer seasons and on some occasions the stream dries up in the summer months. The court fixed the dividing line between the parties as the center of said creek ''as now situated'', and proceeded to delineate said line by metes and bounds. The testimony of surveyor Cummins supports such finding. The evidence shows that the stream meandered through its wide bed, in past years, changing from time to time. It is the rule that where the change is gradual and imperceptible, whether caused by accretion, reliction or encroachment, the boundaries shift with the shifting of the channel or shore. (9 C. J., page 195, sec. 82.) Appellant therefore contends that the court erred in fixing the line by a *surveyed description*, irrespective of the fact that the line is the center of the stream, and is subject to change. We do not believe

that the findings should be so construed. The line fixed, although given by metes and bounds, is simply a determination that the center of the stream at present has a definite and fixed location. It is therefore not a permanent dividing line, and would not operate to deprive appellant of any advantage which might accrue to him at a later date by the shifting of the center of the stream to another location. The rule laid down in Corpus Juris is just as applicable now as it was prior to the judgment herein. We therefore hold that the attack upon the findings is without merit.

It is next contended that the motion of appellant for new trial should have been granted. That matter was committed to the sound discretion of the trial court. We find no error in the denial thereof. It was made upon the ground of newly discovered evidence. We cannot say that the court abused its discretion in making said ruling.

The judgment is affirmed.

Thompson, Acting P. J., and Steel, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1942.